UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P935-H

JAMES E. HOUSE                                                                                                                     PLAINTIFF

v.

DANNY FACKLER *et al.*                                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court for screening of the *pro se* complaint and amended complaints pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will allow part of Plaintiff's claims to proceed for further development and dismiss the remaining claims.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee currently incarcerated at the Bullitt County Detention Center (BCDC). He files suit against BCDC Jailer Danny Fackler, Chief Deputy Jailer Martha Knox, Governor Steve Beshear, Commissioner of the Kentucky Department of Corrections (KDOC) LaDonna Thompson, Deputy Commissioner of the KDOC Rodney Ballard, Local Jail Consultant Desi Brooks, Southern Health Partners, and Donna and Rosie, whom Plaintiff describes as "Medical Workers" at the BCDC. He sues Defendants in their individual and official capacities, except for Defendants Beshear, Thompson, and Southern Health Partners, whom he sues in their official capacities only.

Plaintiff asserts that he has "high blood pressure, heart problems – previously a heart attack in Bullitt County [Detention Center] and lay on the floor for approximately three hours with no medical care or help, nurse stated that I was okay." He asserts that "Jailer, Danny

Fackler Refuses me Medical treatment and meds." He claims that after having a heart attack in June 2009 at BCDC no one would call for help or take him to the hospital. When he was transferred to Louisville Metro Corrections in July 2009 he was sent to University of Louisville hospital where an EKG showed that he had had a heart attack. He states that he "was placed on 17 pills a day but when sent to Bullitt County Detention Center, because their Medical Staff are not nurse's, they can not give me my medications." Plaintiff also states that he had a stroke while housed at BCDC in September 2009 "which left me looking like a Freek now."

Plaintiff also states that his foot is swollen to more than twice its normal size since BCDC stopped his medication. Plaintiff requests to be "moved to Jefferson County for his medication **his life and well being is in jeopardy**." (Emphasis in original.) In the original complaint, Plaintiff includes a list of his medical conditions, including a tumor on the back of his head, high blood pressure, heart problems, and cancer.[1]

Plaintiff also claims that by bringing this complaint he faces retaliation against him "by putting him in max." He claims that after sending complaint letters BCDC retaliated against him by "putting him into max and taking away [h]is personal hygiene."

Plaintiff also claims that he has not received a "proper defense" in his pending criminal action. He claims that he has not received a complete copy of the discovery motion filed in the criminal case, that he will not receive a fair trial, and that the Public Defender's Office is not

---

[1] Plaintiff states repeatedly that other inmates have complaints about the medical department of BCDC and attaches letters from other inmates to his original complaint. However, Plaintiff cannot assert claims on behalf of any other inmate. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Should other inmates wish to file suit in this Court, they may do so.

prepared. He requests "for the courts to appoint me a paid attorney to defend my case since the Public Defender's Office has not contacted me . . . for information that needs to be gathered."

Plaintiff also requests to be transferred to Jefferson County to use the law library to help in his defense in the criminal case. He asserts that the "Bullitt County law library is out dated the latest version they have is from 2002." He also claims that the BCDC does not allow inmates access to the Court, that the staff refuses to make copies of legal documents, and that mail addressed to the Court never makes it to the post office. He also claims that the jail opens and reads our legal mail from any government office. Further, Plaintiff claims that the BCDC "marks up" the cost of United States postage.

Plaintiff also claims that after he was returned to BCDC from Jefferson County Detention his "personal property that cost me approximately $100.00 was not returned to me. I went several days without a shower or personal hygiene."

Plaintiff also claims there is "No dietary for heart patients or Muslims." He claims that inmates are forced to drink out of dirty drinking cups, reuse dirty utensils, sleep on worn out mats, and sleep on the concrete floor which is cold. He also claims that the food servings are small and that inmates are forced to go three or four weeks without changing bedding or clothes. He also complains that there is black mold throughout the jail.

Plaintiff also complains that Bullitt County neglected to seek prosecution of Mike Daniels for theft against an elderly person in excess of $30,000 in 2001. He complains that the Commonwealth Attorney gave no assistance in the matter.

As relief, Plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in punitive damages, injunctive relief, as well as filing fees, attorney fees, and other relief.[2]

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view

---

[2]While the original complaint appears to be signed only by Plaintiff House, it appears that the certificate of service attached to the complaint is signed by both House and Nicholas S. Knauer. The original complaint contains no allegations concerning Knauer. The amended complaint also makes no allegations concerning Knauer and is signed only by House. All subsequent documents filed with the Court are signed only be House. Therefore, the Court does not consider Knauer to be a party to this action. Should Knauer wish to file a civil action in this Court, he may file a separate action.

4

the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A.     Claims against state defendants**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Beshear, Thompson, Ballard, and Brooks, each officials or employees of the Commonwealth of Kentucky, are therefore actually claims against the Commonwealth. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Upon review, the Court concludes that the official-capacity claims against these state Defendants must be dismissed on two bases. First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S.

58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment[3] acts as a bar to all claims for relief against these Defendants. A state, its agencies, and its officials may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, Plaintiff's official-capacity claims against Defendants Beshear, Thompson, Ballard, and Brooks will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

Plaintiff also alleges individual-capacity claims against Defendants Ballard and Brooks. However, he makes no reference to these Defendants except in the portion of the complaint and amended complaint in which Defendants are listed. Plaintiff states no facts regarding Ballard's or Brooks's personal involvement in the events giving rise to the complaint. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to

---

[3]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Defendants Ballard and Brooks, the individual-capacity claims against them will be dismissed for failure to state a claim upon which relief may be granted.

**B.      Claims against Southern Health Partners and Knox**

Likewise, although Plaintiff names Martha Knox and Southern Health Partners as Defendants, he makes no reference to these Defendants except in the portion of the amended complaint in which Defendants are listed. Plaintiff states no facts regarding Knox's or Southern Health Partners' involvement in the events giving rise to the complaint. Once again, Plaintiff has a duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz*, 534 U.S. at 514. Since Plaintiff fails to allege how either of these Defendants was personally involved in the acts about which he complains, the claim against these two Defendants will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff seeks to hold Knox or Southern Health Partners liable based on any supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983

7

action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Here, Plaintiff fails to demonstrate any facts showing that Knox or Southern Health Partners encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, Plaintiff's claims against Defendants Knox and Southern Health Partners must be dismissed for failure to state a claim upon which relief may be granted.

**C.  Claim for injunctive relief**

Plaintiff seeks injunctive relief, specifically, transfer to Louisville Metro Corrections. Since filing this action, however, Plaintiff has been transferred out of the BCDC. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Here, because of his transfer, Plaintiff would derive no benefit from granting the requested relief, and his claim for

injunctive relief has been mooted. Accordingly, the Court will dismiss the claim for injunctive relief for failure to state a claim upon which relief may granted.

**D.     Medical treatment**

Plaintiff states in his complaint that he "previously [had] a heart attack in Bullitt County and lay on the floor for approximately three hours with no medical care or help, nurse stated that I was okay." He also asserts that "Jailer, Danny Fackler Refuses me Medical treatment and meds" and that the BCDC medical staff cannot give him his medications. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[4] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order for a claim to rise to the level of an Eighth Amendment/Fourteenth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837-38. Upon review, the Court will allow Plaintiff's individual and official-capacity claims for monetary damages against Defendants Fackler, Donna, and Rosie for deliberate indifference in connection with the alleged denial of medical treatment to be permitted to proceed past initial review.

**E.     Retaliation**

Plaintiff also claims that after sending letters which he attaches to the complaint BCDC

---

[4]The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Plaintiff states that he is a pretrial detainee. For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Therefore, the Court will review Plaintiff's claims to determine whether he has properly alleged violations of the Fourteenth Amendment.

9

retaliated against him by putting him into max and taking away his personal hygiene. The letters attached to the complaint are addressed to a variety of officials, including Governor Beshear, KDOC officials, and the Kentucky Department of Public Advocacy, and complain of lack of medical treatment and other prison conditions.

Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "In a retaliation claim . . . the harm suffered is the adverse consequences which flow from the inmate's constitutionally protected action. Instead of being **denied** access to the courts, the prisoner is penalized for actually exercising that right." *Id*. (emphasis in original). A retaliation claim requires three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.*

Construing the complaint broadly, as the Court is required to do at this stage, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), the Court will construe Plaintiff's letters to the governor and other state officials as an exercise of a protected right. As the Sixth Circuit has observed, "[t]he Supreme Court has made it clear that prison inmates retain all First Amendment rights not incompatible with their status as prisoners, 'or with the legitimate penological objectives of the corrections system.'" *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009) (quoting *Pell v. Procunier*, 417 U.S. 817, 832 (1974)). Moreover, being placed in maximum security and being denied personal hygiene may deter a person ordinary firmness from

exercising his First Amendment rights. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (placing an inmate in administrative segregation could deter a person of ordinary firmness from exercising his First Amendment rights); *Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986) (prisoners are constitutionally entitled to the "basic elements of hygiene.")

Therefore, upon review, the Court will allow Plaintiff's individual-capacity claim for monetary damages against Defendant Fackler for retaliation to proceed past initial screening. However, Plaintiff's official-capacity claim of retaliation against Fackler will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has not alleged that he was retaliated against pursuant to a municipal policy or custom, which is required to state an official-capacity claim against a municipal employee. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Plaintiff's claim of retaliation appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

**F.   Access to courts**

Plaintiff also states that the BCDC law library is out-dated, that the staff refuses to make copies and deliver mail, and that BCDC marks up postage. Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). However, "'[m]eaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351 (1996) (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include

having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Plaintiff has alleged no such injury in his complaint. Furthermore, with regard to Plaintiff's challenge to overcharging for stamps, a prisoner does not have "a constitutionally protected interest in buying stamps as cheaply as possible, as 'there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost.'" *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (quoting *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)). Therefore, Plaintiff fails to state a cognizable constitutional claim of being denied access to the courts, and his claims alleging such will be dismissed for failure to state a claim upon which relief may be granted.

**G.     Lost property**

Plaintiff alleges that when he was transferred from Jefferson County Corrections to BCDC approximately $100.00 in personal property was not returned to him. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986)). In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt,* 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has

found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, Plaintiff's claim concerning his lost property fails to state a claim upon which relief may be granted and will be dismissed.

## H. Conditions-of-confinement claims

Plaintiff makes a number of claims about the conditions at BCDC, including claims concerning the prison food, dirty utensils, mats, and mold in the prison. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *See Farmer*, 511 U.S. at 832 (quoting *Hudson*, 468 U.S. at 526-27). The Eight Amendment requires that prison conditions "must not involve the wanton and unnecessary infliction of pain" or constitute a "serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff alleges no facts which would suggest a "serious deprivation of basic human needs" or "the wanton and unnecessary infliction of pain" that constitutes cruel and unusual punishment with respect to these incidents. *Id.* Moreover, while "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment," *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977), and by analogy the Fourteenth Amendment, Plaintiff makes no such sweeping allegations. He fails to allege that he was denied sufficiently nutritious meals for any appreciable amount of time. *See Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."). Nor does he allege any injury as a result of these conditions. For these reasons, the

foregoing conditions-of-confinement claims will be dismissed for failure to state a claim upon which relief may be granted.

I.      **Claims concerning criminal prosecution**

Plaintiff makes a number of claims concerning his criminal prosecution, including complaints about his public defender. However, he fails to identify how any of the named Defendants could be liable for the alleged conduct. Even if he did so, however, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

According to the complaint, Plaintiff has a pending criminal case against him in state court. The state has an important interest in adjudicating that criminal case. In light of the available avenues to raise a constitutional challenge in the context of a criminal case, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time. Therefore, Plaintiff's claims concerning his criminal proceeding will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff also complains in his original complaint that "Bullitt County neglected to seek prosecution against Mike Daniels for theft in excess of $30,000 in 2001." Again, Plaintiff fails to state how any of the named Defendants could be responsible for the alleged failure. In any event, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Accordingly, Plaintiff's claim concerning a failure to prosecute another individual fails to state a claim upon which relief can be granted and will be dismissed.

The Court will enter a separate Scheduling Order governing the development of the claims which will be permitted to proceed and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Bullitt County Attorney
4412.010