UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P935-H

**JAMES E. HOUSE**                                                                                           **PLAINTIFF**

v.

**DANNY FACKLER** *et al.*                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff James E. House filed this *pro se* action under 42 U.S.C. § 1983 regarding his incarceration at the Bullitt County Detention Center (BCDC). This matter is before the Court on the motion to dismiss by Defendants Rosie Smith and Donna Bullock. Defendants Smith and Bullock contend that they are entitled to dismissal of the claims against them because they were not served with process in compliance with Fed. R. Civ. P. 4.

Federal Rule of Civil Procedure 4(e) provides the methods by which an individual may be properly served:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>   (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Typically, a plaintiff is responsible for effectuating the service of summons within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(c)(1) & (m).

However, "when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3) (indicating that the court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court if the plaintiff is authorized to proceed *in forma pauperis* under § 1915). After the plaintiff identifies the subject defendant by name, the burden shifts to the United States Marshals Service (USMS) to obtain his or her current address and to properly effect service. *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Thereafter, the USMS's failure to properly complete service is "good cause" to extend the time for service under Rule 4(m). *See id.*

In the complaint and first amended complaint, Plaintiff named "Rosie" and "Donna" as Defendants, identifying them as medical workers at BCDC and employees of Southern Health Partners. By prior Order, the Court found that Plaintiff had taken reasonable steps to identify Defendants Donna and Rosie and ordered Defendant Jailer Fackler to produce their last names and addresses. Defendant Fackler complied with the Order and produced their last names and the address of the corporate headquarters of Southern Health Partners. The Court ordered the USMS to effect service, and the USMS then effected service at that address pursuant to the Court's Order.

In their motion to dismiss, Defendants Smith and Bullock contend service by the USMS at Southern Health Partners' corporate headquarters fails to meet the requirements of Fed. R. Civ. P. 4 and entitles them to dismissal. However, the Court has already ruled that Plaintiff

2

satisfied his obligation of reasonably identifying these Defendants. The burden is now on the USMS to obtain the current addresses for Smith and Bullock and properly effect service. Therefore, **IT IS ORDERED** that the motion to dismiss (DN 59) is **DENIED**.

In an effort to alleviate the burden on the USMS, the Court attempts to secure a waiver of service of process when possible. Absent a waiver in this case, the Court will redirect service by the USMS. Accordingly, **IT IS ORDERED** that Defendants Smith and Bullock shall have **30 days** from the date of this Order to submit a notice of waiver of service. If they elect not to waive service, Defendants Smith and Bullock must provide the Court with their home addresses within **30 days** of the date of this Order. The addresses may be filed under seal and will be used only to effect service. If filed under seal, the addresses will not be provided to Plaintiff.

If addresses are provided by Defendants Smith and Bullock, **the Clerk of Court is DIRECTED to issue summons and have the United States Marshal serve a copy of the complaint and amended complaints (DNs 1, 7, 12, 23, and 24) and summonses on Defendants Smith and Bullock in accordance with Rule 4 of the Federal Rules of Civil Procedure**.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
 United States Marshals Service
4412.010