# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-P935-H

JAMES E. HOUSE                                                                                PLAINTIFF

v.

DANNY FACKLER *et al.*                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

**A.    Fourth Amended Complaint (DN 51)**

In various filings, Plaintiff James E. House included allegations against individuals not named in the complaint or amendments. By previous Order, the Court construed a motion which alleged new allegations against certain non-Defendants as a motion to amend the complaint, granted the motion to amend, and directed Plaintiff, if he wished to do so, to file a Fourth Amended Complaint adding any new claims (DN 38). Plaintiff filed a Fourth Amended Complaint naming Col. Martha Knox, Capt. Ronnie Burks, Josh Bratcher, Phil Roth, and Capt. Cindy Roundtree as Defendants (DN 51). However, the portions of the complaint directing Plaintiff to provide a statement of the claim and prayer for relief were left blank.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a

claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Moreover, Federal Rule of Civil Procedure 8(a)(3) states that every pleading shall contain "a demand for the relief sought."

In the Fourth Amended Complaint (DN 51), Plaintiff did not allege any facts concerning the above-named Defendants, nor did he give any indication whatsoever of the relief he seeks against them. Therefore, upon review, **IT IS ORDERED** that Plaintiff's claims against Col. Martha Knox, Capt. Ronnie Burks, Josh Bratcher, Phil Roth, and Capt. Cindy Roundtree are **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Because no claims remain against Defendants Knox, Burks, Bratcher, Roth, and Roundtree, the Clerk of Court is **DIRECTED** to terminate them from this action.

If Plaintiff still wishes to amend his complaint to add claims against these Defendants, he may file a motion to amend the complaint and attach a proposed amendment containing facts which describe how each of these Defendants violated his rights and a demand for relief. Further, upon review of the docket sheet, two entries are identified as the "Fourth Amended Complaint." Thus, the Clerk of Court is **DIRECTED** to change the entry at DN 51 to "Fifth Amended Complaint." The Clerk of Court is also **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form with the case number and "Sixth Amended Complaint" affixed to the caption. **The deadline for filing any and all amendments to the complaint is December 6, 2010. No further motions to amend will be considered after that date.**

**B.     Motion to Issue Order Regarding Copies and Postage**

Plaintiff also filed a motion seeking the Court to "Issue Order To BCDC to Allow Plaintiff, Copies & Postage Even If Account Balance is Zero at time of Request. Release of Legal Pads & Stamped Envelopes, Ect Received in Mail From Federal Court to Plaintiff to prepare Pretrial Discovery" (DN 72). As an initial matter, the Court did not send Plaintiff legal pads, stamped envelopes, or any other materials, as he states in his motion. Although the Court granted Plaintiff's request to proceed *in forma pauperis* under § 1915(a), the statute does not provide authority for the payment of Plaintiff's discovery costs. *See Shoucair v. Snacker*, No. 05-40341, 2009 U.S. Dist. LEXIS 14596, at *2 (E.D. Mich. Feb. 25, 2009); *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 U.S. Dist. LEXIS 8641, at *2-3 (W.D. Mich. Feb. 22, 2006).

Further, Plaintiff's motion seeks an order directing the Bullitt County Detention Center (BCDC) to allow him to have legal pads, stamped envelopes, and copies and to mail items for him. Plaintiff also complains about other prison conditions. Plaintiff additionally seeks an order directing the Department of Corrections, a non-party, to perform a number of actions to investigate the conditions at BCDC. However, Plaintiff has been transferred from BCDC to Louisville Metro Corrections. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Therefore, Plaintiff's motion seeking injunctive relief is mooted by his transfer to Louisville Metro Corrections. Accordingly, **IT IS ORDERED** that the motion (DN 72) is **DENIED**.

## C. Motion for "Corrections to Answer"

Plaintiff also filed a motion for "Corrections to Answer Memoranda of Rosie Smith & Donna Bullock." The motion contains a recitation of the facts alleged by Plaintiff apparently in response to statements and defenses raised in the answer filed by Defendants Smith and Bullock. However, an answer is not a pleading to which a responsive pleading is allowed. Under Fed. R. Civ. P. 7(a)(7), a reply to an answer is allowed only if the court orders one. The Court did not order Plaintiff to file a reply to Defendants Smith and Bullock's answer.

Moreover, Plaintiff requests the home addresses for "all named Defendants." By separate Memorandum Opinion and Order entered this date, the Court denied the motion to dismiss filed by Defendants Smith and Bullock and directed them to either waive service or produce their home addresses under seal. The other remaining Defendant in this action, Danny Fackler, has already been served with process. Therefore, Plaintiff's request for Defendants' home addresses is moot.

Plaintiff additionally complains that his mail was not being properly handled by BCDC and reiterates other complaints about prison conditions at BCDC. Specifically, Plaintiff seeks an Order directing BCDC to create a mail log. Again, since Plaintiff is no longer incarcerated at BCDC, his requests for injunctive relief against BCDC are moot. *Kensu*, 87 F.3d at 175.

For these reasons, **IT IS ORDERED** that the motion (DN 73) is **DENIED**.

In addition, Plaintiff also seeks an Order directing Defendants to state whether they are certified and registered with the state and whether they are EMTs, LPNs, or RNs. If a party seeks information from another party, he must seek that information in the form of interrogatories, requests for production of documents, or requests for admissions under Fed. R.

Civ. P. 33, 34, and 36, respectively. If a party fails to provide the information requested, the requesting party may make a motion to compel the discovery of the information in compliance with Fed. R. Civ. P. 37. However, in this case, the deadline for conducting all pre-trial discovery expired on June 17, 2010. **If Plaintiff wishes to re-open the time for conducting pre-trial discovery, he must file a motion seeking to do so.** Then Plaintiff must direct discovery requests on the other parties.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4412.010