# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-P935-H

**JAMES E. HOUSE**                                                                                              **PLAINTIFF**

v.

**DANNY FACKLER** *et al.*                                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment by Donna Bullock and Rosie Smith (DN 74). The motion is ripe for decision. Upon review, for the reasons set forth below, the Court will grant Bullock and Smith summary judgment.

### I.

Plaintiff James E. House filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 on December 21, 2009. The complaint arises out of Plaintiff's incarceration as a pre-trial detainee at the Bullitt County Detention Center (BCDC). The Court conducted an initial review of the complaint under 42 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) on February 19, 2010. The Court allowed Plaintiff's individual and official-capacity claims against Smith, Bullock, and Jailer Danny Fackler for deliberate indifference to his medical needs to proceed past initial review. The Court also allowed Plaintiff's individual-capacity claim for retaliation against Fackler to proceed.

Plaintiff states in the complaint that he has "high blood pressure, heart problems – previously a heart attack in Bullitt County [Detention Center] and lay on the floor for approximately three hours with no medical care or help, nurse stated that I was okay." He asserts that "Jailer, Danny Fackler Refuses me Medical treatment and meds." He claims that

after having a heart attack in June 2009 at BCDC no one would call for help or take him to the hospital. When he was transferred to Louisville Metro Corrections in July 2009 he was sent to University of Louisville hospital where an EKG showed that he had had a heart attack. He states that he "was placed on 17 pills a day but when sent to Bullitt County Detention Center, because their Medical Staff are not nurse's, they can not give me my medications." Plaintiff also states that he had a stroke while housed at BCDC in September 2009. Plaintiff also states that his foot is swollen to more than twice its normal size since BCDC stopped his medication.

Bullock and Smith move for summary judgment on grounds that Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), and that Plaintiff's medical records refute his claims that he was denied medical care. To their motion, Bullock and Smith attach Plaintiff's medical records from his incarceration at BCDC. The records show that Plaintiff was booked into BCDC on April 23, 2009. He was seen by medical staff on that date, and his records show that he was screened by medical staff on June 4, 2009, June 18, 2009, September 25, 2009, October 15, 2009, January 6, 2010, and January 14, 2010. The records show that on at least two occasions, January 11, 2010, and January 17, 2010, Plaintiff signed a Refusal of Medical Treatment form. The medical records also show that Plaintiff received prescription medications on a regular basis during his incarceration at BCDC.

Plaintiff failed to file a response to the motion. The Court entered an Order *sua sponte* on December 17, 2010, more than three months past the deadline for Plaintiff's response, giving Plaintiff an additional twenty-one days to respond to the motion for summary judgment. Plaintiff still did not file a response. Nor has Plaintiff engaged in discovery or produced any evidence to support his claims.

2

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment is appropriate, the Court must resolve all ambiguities, and draw all reasonable inferences, against the moving party. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morrison v. Bd. of Trs.*, 583 F.3d 394, 399-400 (6th Cir. 2009).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## III.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The

Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Plaintiff was a pretrial detainee during his incarceration at BCDC. However, the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

To rise to the level of an Eighth Amendment/Fourteenth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837-38. Therefore, to prove a prison official is liable under the Eighth Amendment/Fourteenth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.'" *Id.* (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).

First, the Court notes that Plaintiff makes no allegation in the complaint or amendments to the complaint of conduct by Smith or Bullock personally. Plaintiff identified Bullock in the complaint as a nurse at BCDC and identified both Bullock and Smith in the first amended complaint as "Medical workers" at BCDC.[1] Even though Plaintiff filed this action *pro se*, he is

---

[1] Plaintiff originally identified Bullock and Smith by their first names only.

not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff states no allegation of Bullock's or Smith's personal involvement in his medical care.

However, even if the Court were to construe Plaintiff's allegations concerning his medical treatment as the actions of Bullock and Smith, the claim would still fail. Plaintiff's medical records do not support the complaint's allegations. First, Plaintiff states that he was not given his medications at BCDC. This statement is flatly refuted by his medical records which show that he was given prescription medications regularly during his incarceration at BCDC.

Secondly, the medical records show that he was seen by BCDC medical staff upon being booked on April 23, 2009, and on at least six other dates. There is no information in Plaintiff's medical records to support his assertion that he had a heart attack or a stroke or any other serious medical ailment while incarcerated at BCDC. Deliberate indifference is not mere negligence. *Watkins*, 273 F.3d at 686. Deliberate indifference requires that the defendants knew of and disregarded a substantial risk of serious harm to Plaintiff's health and safety. *Id.* (citing *Farmer,* 511 U.S. at 835-37). This standard is subjective. It is not enough that there was a danger of which an officer should objectively have been aware. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. If an officer fails to act in the face of an obvious risk

5

of which he should have known but did not, the officer has not violated the Eighth /Fourteenth Amendment. *Id.* at 837-38.

Here, Plaintiff's medical records lack any evidence that Plaintiff suffered from a serious risk of harm that Bullock or Smith were subjectively aware. Moreover, Plaintiff presents no evidence from which a jury could conclude that Bullock or Smith were subjectively aware of such a risk. Therefore, Plaintiff fails to present evidence to establish an essential element of his deliberate indifference claim against them. Accordingly, Bullock and Smith are entitled to summary judgment on Plaintiff's individual and official-capacity claims of deliberate indifference.[2]

## IV.

For the reasons set forth above, **IT IS ORDERED** that the motion for summary judgment by Bullock and Smith (DN 74) is **GRANTED**. **IT IS FURTHER ORDERED** that the motion to stay pre-trial deadlines by Bullock and Smith (DN 64) is **DENIED** as moot. The Clerk of Court is directed to **terminate** Bullock and Smith as parties to the action since no claims remain against them.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4412.010

---

[2]Since the Court will grant summary judgment on this basis, the Court need not address Bullock's and Smith's defense based on failure to exhaust administrative remedies under the PLRA.