UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-P935

JAMES E. HOUSE                                                                                    PLAINTIFF

V.

DANNY FACKLER, et al.                                                                         DEFENDANTS

**MEMORANDUM OPINION**

Defendant, Danny Fackler, is the only remaining Defendant. The Court has previously dismissed all other Defendants. On December 22, 2010, Fackler filed a motion for summary judgment. As it turns out, there are two reasons why this motion should be sustained.

I.

On December 1, 2009, Plaintiff, James E. House, filed the present *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging a variety of claims against a number of different parties. Specifically, Plaintiff claims the various Defendants to this action failed to provide him with adequate proper medical care while incarcerated at the Bullitt County Detention Center ("BCDC"). In particular, the remaining Defendant, Fackler, was the Bullitt County Jailer.

Plaintiff asserts he has "high blood pressure, heart problems–previously a heart attack in Bullitt County [Detention Center] and lay on the floor for approximately three hours with no medical care or help, nurse stated that I was okay." Plaintiff further asserts that "Jailer, Danny Fackler Refuses me Medical treatment and meds." Additionally, Plaintiff claims after having a heart attack in June of 2009 at BCDC, no one called for help or would take him to the hospital. He also states that he "was placed on 17 pills a day but when sent to Bullitt County Detention Center, because their Medical Staff are not nurse's, they can not give me my medications."

Plaintiff also states he had a stroke while housed at BCDC in September of 2009 "which left me looking like a Freek now." Plaintiff alleges that his foot is swollen to more than twice its normal size since BCDC stopped his medication.

After an initial screening of Plaintiff's *pro se* complaint, this Court entered a Memorandum Opinion dated February 19, 2010, allowing some of Plaintiff's claims to proceed for further development, while dismissing others. The only remaining claims against Fackler allege deliberate difference by denial of medical treatment and retaliation. On November 4, 2010, this Court entered an additional Memorandum Opinion and Order dismissing all other BCDC Defendants, leaving only Fackler. Plaintiff was instructed that the deadline for filing any and all additional amendments to his complaint was December 6, 2010. The Court specifically stated that "No further motions to amend will be considered after that date."

On August 18, 2010, Defendants, Rosie Smith and Donna Bullock, filed their motion for summary judgment on all of Plaintiff's claims. On March 10, 2011, this Court sustained that motion and dismissed all claims against Smith and Bullock. The Court's Memorandum Opinion of that date essentially governs the remaining claims against Fackler.

II.

The Prison Litigation Reform Act (hereinafter "PLRA") requires an inmate to exhaust his administrative remedies before initiating litigation. 42 U.S.C. § 1997e(a). The Bullitt County Detention Center Policy and Procedure XII-600 provides the following administrative remedies:

> Any inmate shall be allowed to file a grievance at such time as the inmate believes he or she has been subject to abuse, harassment, abridgement of civil rights or denied privileges specified in the posted rules.

That policy further provides that the grievance must be made in written form promptly following

the incident, sealed in an unstamped envelope, and addressed to the shift commander. The grievance must state the time, date, names of detention officers and/or staff members involved, and pertinent details of the incident including the names of any witnesses.

Consequently, to the extent Plaintiff was dissatisfied with the medical care at BCDC, or believed he was being retaliated against, under the PLRA he first must file and exhaust the available grievance procedure before initiating litigation. Plaintiff has not filed a grievance complaining of medical care or retaliation. Exhausting available administrative remedies before filing suit in federal court is mandatory. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). Having failed to satisfy the exhaustion requirement prior to initiating litigation, Plaintiff's claims against Defendant must be dismissed.

### III.

To establish a violation of Eighth Amendment rights resulting from a denial of medical care, Plaintiff must show that Fackler was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Mere negligence is insufficient to entitle the Plaintiff to relief for an alleged violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. at105-106.

Moreover, a complaint filed under § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation. *Cook v. Southern Health Partners*, 2009 WL 1409713, *3 (W.D. Ky. 2009). "Congress did not intend § 1983 liability to attach where causation is absent." *Id.* (quoting *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993)). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving

force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.*

In instances where a plaintiff has received at least some medical attention, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Gibson - Riggs v. Grant County Detention Center*, 2010 WL 1050071, *6 (E.D. Ky. 2010) (citing *Westlake v. Lucas*, 537 F.2d 857, 860, fn. 5 (6th Cir. 1976)). Where treatment is provided, yet a disagreement arises as to the course of treatment received, a § 1983 claim for violation of the Eighth Amendment will not lie. *Id.* at *7 (citing *White v. Correctional Med. Servs, Inc.*, 94 F.App'x 262, 264 (6th Cir. 2004)). *See also Oglesby v. Helton*, 2010 WL 3522984 (M.D. Tenn. 2010).

Here, the Plaintiff has put forth no evidence that Fackler was deliberately indifferent to a serious medical need. In fact, medical professionals saw and treated Plaintiff several times during his incarceration at BCDC. The medical records further indicate the medical staff monitored Plaintiff's condition on a regular basis. Those records also demonstrate that Plaintiff was provided with prescription medications in treatment of his medical needs on a continuous basis. Consequently, the evidence falls far short of that necessary to prove deliberate indifference.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record